# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:09cv37

| | |
|---|---|
| MICHAEL HAROLD ELLIOTT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act and the Social Security Act [Doc. 29].

## PROCEDURAL HISTORY

On July 27, 2009, the Plaintiff initiated this action for judicial review of the denial of his application for Social Security Disability Benefits and for an award of benefits based on an onset date of disability of July 17, 2004. [Doc. 1-3]. The Complaint and the Motion for Summary Judgment were signed only by Russell Bowling (Bowling) as the attorney for the Plaintiff. [Id.; Doc. 9]. However, the Memorandum of Law in support of the Plaintiff's Motion for

Summary Judgment was signed by Charles Martin (Martin) and Perrie Naides (Naides) as attorneys for the Plaintiff "On the brief." [Doc. 10 at 30]. Because of this discrepancy, the Court required both Martin and Naides to seek admission to practice in this Court *pro hac vice*. [Doc. 16]. Both attorneys were subsequently so admitted.[1] [Doc. 19; Doc. 20].

On June 22, 2011, the Plaintiff's Motion for Summary Judgment was granted to the extent that he sought reversal of the Commissioner's decision denying him disability benefits. [Doc. 26]. To the extent that he sought an immediate award of benefits, the motion was denied. [Id.]. The Court remanded the case pursuant to Sentence Four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with the decision.[2] [Id.]. As a result, the Defendant's Motion for Summary Judgment was denied. [Id.]. On June 22, 2011, Judgment was entered reversing the Commissioner's decision and remanding the case. [Doc. 27].

On September 20, 2011, the Plaintiff timely filed the pending motion

---

[1]This admission avoided the issues presented in Priestley v. Astrue, 651 F.3d 410 (4th Cir. 2011).

[2]Specifically, the case was remanded for a new hearing at which the Administrative Law Judge (ALJ) would comply with SSR 00-4p, obtain vocational testimony in the proper format and hold the record open for post-hearing submissions. [Id. at 12].

seeking attorney's fees.[3] [Doc. 29]. The title of the motion seeks fees pursuant to both the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d) and the Social Security Act, 42 U.S.C. §406(b). [Doc. 30]. Because there has not been an award of past-due benefits, however, the Court will only address the request for fees pursuant to EAJA. 42 U.S.C. §406(b)(1)(A). Indeed, the demand for relief refers only to fees pursuant to EAJA. [Doc. 30 at 4].

The Defendant responded to the motion for an award of fees, making specific objections thereto. [Doc. 32]. The Plaintiff did not file a reply.

## STANDARD OF REVIEW

EAJA provides that a district court "shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action" against the United States, or an agency thereof, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). Here, the Defendant does not dispute that the Plaintiff was a prevailing party.[4] [Doc. 32].

---

[3]The motion for fees was timely because it was filed within thirty days of the date the Judgment became final; that is, upon the expiration of the time for appeal. Shalala v. Schaefer, 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). When the United States or an agency thereof is a party, the time within which a notice of appeal may be filed is sixty days after entry of the judgment. Fed.R.App.P. 4(a)(1)(B).

[4]A party achieving a Sentence Four remand is a prevailing party. Shalala, 509 U.S. at 300-302.

Nor does he claim that the position of the agency was substantially justified or that special circumstances make an award unjust. [Id.]. The Defendant does, however, object to both the time spent and hourly rate requested by counsel. [Id.].

EAJA provides for an award of "reasonable" attorney's fees. 28 U.S.C. §2412(d)(2)(A).

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court should also exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. ... Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

Hensley v. Echerhart, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Texas State Teachers Ass'n v. Garland Independent School District, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)) (internal quotation and citation omitted) (emphasis in

original). The fee applicant bears the burden of establishing the reasonable time expended as well as a reasonable hourly rate. Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002).

## DISCUSSION

The first review is of the hours spent in the representation of the Plaintiff in this Court. The Complaint filed in this action is a mere two pages in length. [Doc. 1-3]. Bowling, however, has provided an affidavit in which he states that his paralegal expended 1.0 hour drafting the Complaint and he spent .50 hour reviewing it. [Doc. 30-3 at 2]. The Court finds this amount unreasonable in view of the length of the Complaint and the lack of detail contained therein. Louis v. Astrue, 2012 WL 92884 **4-5 (E.D.Cal. 2012) (reducing time in view of "the *pro forma* nature of ... the complaint"). The compensable time will therefore be reduced to .50 hour of paralegal time for drafting and .25 hour for review by the attorney.

On December 23, 2009, Bowling expended .25 hour for the drafting and filing of a motion for an extension of time within which to file the Plaintiff's Motion for Summary Judgment. [Id.]. Time spent seeking such extensions are generally not compensable under EAJA. Carter v. Astrue, 2012 WL 1711687 (W.D.Ark. 2012); Holmes v. Astrue, 2010 WL 3220085 (D.S.C. 2010) (noting

that although courts take a variety of approaches, such motions should be denied when counsel should have engaged in better time management); Burr v. Bowen, 782 F.Supp. 1285, 1290 (N.D.Ill. 1992) (motions for extensions of time for plaintiff's attorney's convenience disallowed). Bowling's time will therefore be reduced by this amount.

Bowling has listed 1.25 hours of time expended by his paralegal for the filing of documents. [Doc. 30-3 at 2]. The filing of a document is a "purely clerical or secretarial" activity which is not billable at a paralegal's rate or, indeed, any rate at all since such tasks are included in office overhead. Holmes, 2010 WL 3220085 **2 (quoting Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)). Thus, "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). This time will therefore be excluded.

Applying these reductions to Bowling's services, his request for attorney's fees is reduced to 6.25 hours.[5] Bowling's paralegal time is reduced to 2.25 hours.

---

[5]In so ruling, the Court has rejected the Defendant's objection to time spent by Bowling in reviewing basic orders and electronic filings. [Doc. 32 at 3]. Bowling charged the minimum time for such review.

Martin has provided an affidavit in which he states that he provided 8.85 hours of brief writing services to Bowling. [Doc. 30-4]. The time sheet, however, discloses that Martin reviewed the case to determine whether it had merit and prepared the complaint.[6] [Doc. 30-4 at 4]. Neither of these functions constitute brief writing and both are redundant of time spent by Bowling and/or his paralegal. Hensley, 461 U.S. at 434 ("Cases may be overstaffed[.]") Counsel should "exclude from a fee request hours that are excessive [and] redundant[.]"). Martin spent 1.70 hours making revisions to the Plaintiff's Motion for Summary Judgment, time which is redundant of Bowling's time spent on the same task. Id. Likewise, Martin spent a total of 1.70 hours reviewing the Defendant's motion for summary judgment which is, again, redundant of Bowling's time for the same services. Id. Martin expended .80 hour "supervis[ing] entry of deadline[s]," reviewing electronic filing notices, and insuring that Naides completed his *pro hac vice* and ECF registration. [Doc. 30-4]. In other words, Martin performed the functions of an administrative assistant and supervised Naides, another attorney. "[T]he court should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are

---

[6] Martin concluded that the case had no merit. [Id.]. Obviously, Bowling did not accept that conclusion.

easily delegable to non-professional assistants." Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999). Martin's time is therefore reduced to a total of 1.45 hours.

Naides is an associate with Martin's law firm. [Doc. 30-5]. She has provided an affidavit in which she documented 37.80 hours of "legal services." [Id.]. Those services, however, are described as brief writing. [Id.]. The Defendant has not objected to the time expended by Naides in preparing the Plaintiff's Motion for Summary Judgment or in responding to the Defendant's Motion for Summary Judgment. He has, however, pointed out that the majority of social security cases before district courts yield attorney hours of between thirty and forty hours. [Doc. 32 at 5]. As currently reduced, the total time expended by attorneys in this case is 45.50 hours. As a result, Naides' time will not be reduced.

The application is therefore reduced to 45.50 hours for attorney time and 2.25 hours for paralegal time.

Next, the reasonableness of the hourly rate is considered. EAJA provides that the "amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the

court determines that an increase in the cost of living ... justifies a higher fee."[7] 28 U.S.C. §2412(d)(2)(A). The decision to make an upward adjustment of the statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

"Almost every court that has applied [§2412(d)(2)(A)] has held ... that 'cost of living' has th[e] ordinary meaning [of costs of food, shelter, clothing and other basic goods and services] and is properly measured by the Consumer Price Index." Harris v. Sullivan, 968 F.2d 263, 265 (2nd Cir. 1992) (collecting cases); Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992) (a general cost of living index such as the United States Department of Labor's Consumer price Index for all urban consumers is the appropriate measure by which to calculate a cost of living enhancement to a statutory fee); Deitz v. Astrue, 2011 WL 4368377 (W.D.N.C. 2011). "The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established," to 226.545 in August 2011. Senechal v. Astrue, 2011 WL 1843189 **2 (W.D.N.C. 2011). [Doc. 32 at 7 n.3].

The Plaintiff seeks an hourly rate of $181.21 which is represented to be

---

[7]Although the statute provides for an increase when the case involves a "special factor," the Plaintiff here has not presented this issue.

the $125.00 hourly rate prescribed by EAJA adjusted for inflation by 44.97%. [Doc. 30 at 3]. The Defendant objects, noting that the Plaintiff has applied the inflation adjustment uniformly instead of using the applicable adjustment for each individual year. [Doc. 32 at 6]. The Plaintiff has not responded to this position.

This case was filed in June 2009 with attorney's services performed in that year as well as 2010 and 2011 until the Judgment remanding the action was entered. The hourly rate pursuant to EAJA, therefore, "should only be increased by the corresponding Consumer Price Index for each year in which the legal work was performed." Kerin v. U.S. Postal Service, 218 F.3d 185, 194 (2nd Cir. 2000).

> 28 U.S.C. §2412(d) does not authorize indexing attorney's fees awards at current rates. If a cost of living adjustment is applied, it must be calculated with regard to when the services were performed, not on the basis of when the award is made. Thus, fees incurred in a particular year must be indexed using the cost of living multiplier applicable to that year, and so on for each year in which fees were incurred.

Marcus v. Shalala, 17 F.3d 1033, 1040 (7th Cir. 1994); Kerin, 218 F.3d at 194 ("Using a single cap reflecting the cost of living in [2011] for all nine years to calculate the amount of attorney's fees would result in a *de facto* award of pre-judgment interest, which would constitute an abuse of discretion."); Dixon v.

10

Astrue, 2008 WL 360989 **4 (E.D.N.C. 2008).

The Defendant has properly calculated those rates as follows: (1) $172.24 per hour for the year 2009; (2) $175.06 per hour for 2010; and (3) $181.88 per hour for 2011. [Doc. 32 at 7]; Ramon-Sepulveda v. I.N.S., 863 F.2d 1458, 1463 n.4 (9th Cir. 1988), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1148-49 (9th Cir. 2001); Deitz, 2011 WL 4368377 (using the same formula to derive the inflation adjusted fee cap).

The attorney's fees for each year are therefore calculated as follows: (1) 27 hours performed in 2009 at the hourly rate of $172.24 = $4,650.48; (2) 16.75 hours performed in 2010 at the hourly rate of $175.06 = $2,932.25; (3) 1.75 hours performed in 2011 at the hourly rate of $181.88 = $318.29; (4) Total attorney's fees = $7901.02.

The Court therefore finds that the "increase in the cost of living justifies a corresponding increase in the hourly rate in this case. [T]his higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District."[8] Senechal, 2011 WL 1843189 **2.

---

[8]The Plaintiff attached to his motion affidavits from attorneys in this District in which the prevailing market rates for social security attorneys were addressed. [Doc. 30-6 through 30-11].

11

The Plaintiff also claims fees for paralegal services performed at the hourly rate of $65.00. The Defendant has not objected and the Court therefore finds this rate is reasonable and in keeping with the prevailing market rates for paralegals in this District. Trim v. Astrue, 2012 WL 1340671 **2 n.1 (W.D.N.C. 2012). Applying the hourly rate of $65.00 to 2.25 hours of paralegal time, the Plaintiff is entitled to an award of $146.25 for paralegal services.

The Plaintiff has attached to the motion a copy of the fee agreement entered into with Bowling in which he assigns any attorney's fee award pursuant to EAJA directly to counsel. [Doc. 29-1]. The Court finds that the Commissioner should accept the assignment of the awarded fees by the Plaintiff to his attorney and shall pay that award of fees directly to Plaintiff's counsel; provided however, it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset. Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). In the event that the Plaintiff does, in fact, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to his attorney.

In addition, should counsel receive an attorney's fee award pursuant to the Social Security Act, he shall refund to the Plaintiff the smaller award. 42 U.S.C. §406(b)(2). Finally, although the cost of the filing fee may be reimbursed, such reimbursement must be from the Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act [Doc. 29] is hereby **GRANTED** in part and **DENIED** in part as stated herein and the Plaintiff is hereby awarded attorney's fees in the amount of Eight Thousand Forty-Seven Dollars and Twenty-Seven Cents ($8,047.27) which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to EAJA, 28 U.S.C. §2412(d), and subject to the limitations set forth herein.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 29] is hereby **DENIED** as premature.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later that thirty (30) days from entry of

this Order. Provided that the Plaintiff does not owe any debt to the United States Government which is subject to offset, the Commissioner shall honor the Assignment of fees. In the event that the Plaintiff does, however, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to his attorney.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. §2412(d) may be filed.

**IT IS FURTHER ORDERED** that the sum of Three Hundred Fifty Dollars and No Cents ($350.00) for the cost of filing fees is to be reimbursed to the Plaintiff from the Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

Signed: August 2, 2012

*[Signature]*
Martin Reidinger
United States District Judge