# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 2:09-cv-00037-MR

| | |
|---|---|
| MICHAEL ELLIOTT, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>      Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney Fees under the Social Security Act [Doc. 34].

## I. PROCEDURAL BACKGROUND

On July 27, 2009, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for benefits under the Social Security Act. [Doc. 1]. On June 22, 2011, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Doc. 26]. On August 3, 2012, the Court awarded the Plaintiff attorney's fees in the amount of $8,047.27 in full satisfaction of

any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 33].

On remand, the Social Security Administration awarded the Plaintiff $121,286.00 in past benefits. In the Notice of Award, the Administration advised the Plaintiff that 25% of these past benefits, or $30,321.50, was being withheld from the award in order to pay any award of attorney's fees. [Doc. 35-1]. The Plaintiff and his attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25 percent of the past due benefits. [Doc. 35-2].

The Plaintiff now seeks an award of $20,321.50 in fees pursuant to 42 U.S.C. § 406(b)(1).[1] [Doc. 34]. The Defendant does not oppose the Plaintiff's Motion. [Doc. 36].

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), which provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review

---

[1] Plaintiff's counsel already has received an award of $10,000 from the Social Security Administration for work performed at the administrative level.

of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, the Plaintiff and his counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past due benefits awarded to his counsel. As the Fourth Circuit has recognized,

"§406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ... § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (internal quotation and citation omitted).

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and his counsel is reasonable. Accordingly, the Motion for Attorney's Fees under the Social Security Act is granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees under the Social Security Act [Doc. 34] is hereby **GRANTED** and an award of attorney's fees in the amount of Twenty Thousand Three Hundred and Twenty-One Dollars and Fifty Cents ($20,321.50) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of

$8,047.27, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose pursuant to Title II of the Social Security Act.

**IT IS SO ORDERED.**

Signed: March 13, 2015

Martin Reidinger
United States District Judge